UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JONATHON Z.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner
of Social Security,

Defendant.

Case No. 25-CV-00411 (JMB/SGE)

**ORDER**

Bryan Konoski, Konoski & Partners, P.C., East Brunswick, NJ, for Plaintiff Jonathon Z.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, and James D. Sides, Sophie Doroba, and Troy Pratten, Social Security Administration, Baltimore, MD, for Defendant Frank Bisignano, Commissioner of Social Security.

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. No. 20.) The Government did not oppose the motion, and the deadline for doing so has passed.

In this action, Plaintiff challenged the denial of Social Security disability benefits, and the Court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 16.) The Court finds that Plaintiff was a prevailing party under the law and is entitled to an award of attorney fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d)(1)(A); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (agreeing that "a

---

[1] This District has adopted a policy of using only the first name and last initial of any non-governmental party on orders in Social Security matters.

1

party who wins a sentence-four remand order is a prevailing party"); *James H. v. O'Malley*, No. 8:24-CV-5, 2024 WL 4237680, at *1 (D. Neb. Sept. 19, 2024). Plaintiff contends that the Government's position was not substantially justified, and the Government does not argue otherwise.

The Court shall allow fees for hours that "reasonably and adequately account[ ] for the attorney's court-related services" as well as for paralegal work, *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994), and can order fees above the statutory rate of $125 per hour if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee," 28 U.S.C. § 2412(d)(2)(A). In this case, Plaintiff's counsel seeks an adjusted hourly rate of $260.00 for 37.1 hours in 2025 for the lead attorney and $120.00 for 6.0 hours in 2025 for paralegal time as compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action. (Doc. No. 22.) Counsel cites the cost of living index in his region (New York and New Jersey) to support the reasonableness of the hourly rates. Absent objection, the Court finds that this award is appropriate under the EAJA.

Finally, Plaintiff requests that the attorney's fees award be delivered to Konoski & Partners, P.C., based on a waiver and assignment signed by Plaintiff. (*See* Doc. No. 23-2 at ECF Pages 2, 7.) Plaintiff acknowledges that any such fee payment may be subject to offset to satisfy any preexisting debt that Plaintiff may owe to the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). (*See* Doc. No. 23 at 11–12.) As noted above, the Government did not oppose the motion or this request to direct the payment to Plaintiff's counsel, subject to any offset.

Plaintiff has established that he is entitled to the fees he requests and that the amount he seeks is reasonable, and the Court will therefore order the amount requested.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion (Doc. No. 20) is GRANTED and Plaintiff is awarded $10,366.00 in attorneys' fees under the EAJA, payable directly to Konoski & Partners, P.C., 180 Tices Lane, Suite 204, Bldg. A, East Brunswick, NJ 08816, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any existing.

Dated:  November 26, 2025                    /s/ *Jeffrey M. Bryan*
                                                                     Judge Jeffrey M. Bryan
                                                                     United States District Court